Cheryl Kenner (SBN 305758)
c.kenner@calljustice.com
Arman Marukyan (SBN 327150)
arman@calljustice.com
Dominic Scarangella (SBN 347695)
d.scarangella@calljustice.com
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff MICHAEL JOHNSON, individually, and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MICHAEL JOHNSON, individually, and on behalf of other members of the general public similarly situated;

Plaintiff,

vs.

UNITED AIRLINES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 2:25-cv-12007-SB-SK

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code

§ 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(9) Violation of California Business & Professions Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff MICHAEL JOHNSON ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated alleges as follows:

## JURISDICTION AND VENUE

1. This class action was originally brought in the Los Angeles County Superior Court pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. The Los Angeles County Superior Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. The Los Angeles County Superior Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in the Los Angeles County Superior Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Los Angeles. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Los Angeles.

**PARTIES**

5. Plaintiff MICHAEL JOHNSON is an individual residing in the State of California.

6. Defendant UNITED AIRLINES, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

7. At all relevant times, Defendant UNITED AIRLINES, INC. was the employer of Plaintiff within the meaning of all applicable California laws and statutes.

8. At all times herein relevant, Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and/or assigns of each other, and at all times relevant hereto, were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators, and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and/or consent of each defendant designated as a DOE herein.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

9. The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10. Defendant UNITED AIRLINES, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11. Plaintiff further alleges that Defendants, including the unknown defendants identified as DOES, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said defendant-employers liable under the statutory provisions set forth herein.

## <u>CLASS ACTION ALLEGATIONS</u>

12. Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated and, thus, seeks class certification under California Code of Civil Procedure section 382.

13. The proposed class is defined as follows:

> All current and former "Ramp Supervisors" whom Defendants classified as exempt and who were employed by Defendants within the State of California at any time during the period from October 16, 2021 to final judgment and who reside in California.

14. Plaintiff reserves the right to establish subclasses as appropriate.

15. The class is ascertainable, and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and will continue to incur during the pendency of this action, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Plaintiff and the other putative class members were classified as exempt in violation of California law;

b. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code was willful;

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

h. Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

i. Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k. Whether Defendants' conduct was willful or reckless;

l. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

m. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17. At all relevant times set forth herein, Defendants employed Plaintiff and the other class members that Defendants misclassified as exempt employees within the State of California, including in the County of Los Angeles, because Defendants compensated Plaintiff and the other class members by the hour instead of with a monthly salary.

18. Defendants, jointly and severally, employed Plaintiff and classified him as an exempt employee from approximately August 2021 to approximately March 2023 in the State of California, County of Los Angeles, earning an hourly rate of $38.46 per hour and overtime compensation at one-and-one-half times

(1.5x) Plaintiff's hourly rate (equal to $57.69 per hour) for all hours worked in excess of eight (8) hours in a day, at the time of separation. During the relevant time period, Defendants employed Plaintiff in a non-salaried, hourly position, misclassified him as exempt, and instead of paying him a monthly salary, paid Plaintiff on an hourly basis and for overtime hours worked at 1.5 times Plaintiff's hourly rate of pay.

19. Defendants had a policy and practice of requiring Plaintiff and the other class members to submit an Exception Log for each day they worked beyond their scheduled shift time.

20. Based on the Exception Logs, Defendants paid Plaintiff and the other class members on an hourly basis at 1.5 times their hourly base rates—i.e., their overtime rates of pay.

21. Defendants hired Plaintiff and the other class members and misclassified them as hourly-paid non-exempt employees since Defendants paid them on an hourly basis for all hours worked. For instance, if Plaintiff worked 40 hours in one week and 39 hours the next week, Defendants paid Plaintiff the equivalent of one hour less for that second week rather than the same amount earned in the first week.

22. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

23. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

24. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

25. Defendants continue to employ hourly-paid employees whom Defendants have misclassified as exempt within the State of California.

26. Plaintiff and the other class members worked over eight (8) hours in a day and/or forty (40) hours in a week during their employment with Defendants.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against Plaintiff and the other class members. This pattern and practice involved, *inter alia*, misclassifying their positions as exempt by paying them on an hourly basis for all hours worked, including at a premium rate for some overtime hours worked, when, in fact, they did not qualify as exempt, according to California law.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants carried out this misclassification scheme to avoid providing all benefits conferred on non-exempt employees—including meal periods, rest breaks, and overtime compensation of 1.5 to 2 times the regular rate of pay.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving all of those wages for overtime compensation and at the correct rate of pay.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required meal and rest periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders, and, thus, they are entitled to any and all applicable penalties.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional

hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was noncompliant (i.e., missed, late, short, or interrupted), and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was noncompliant.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was noncompliant (i.e., missed, late, short, or interrupted), and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was noncompliant.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not receive all such wages owed to them at the time of their discharge or resignation.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but they did not keep complete and accurate payroll records.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

40. During the relevant time period, Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week, and Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

41. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

42. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

43. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

44. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

45. During the relevant time period, Defendants regularly and consistently failed to provide complete or accurate wage statements to Plaintiff and the other class members.

46. During the relevant time period, Defendants regularly and consistently failed to keep complete or accurate payroll records for Plaintiff and the other class members.

47. During the relevant time period, Defendants regularly and consistently failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

48. During the relevant time period, Defendants regularly and consistently failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

## FIRST CAUSE OF ACTION

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against UNITED AIRLINES, INC. and DOES 1 through 100)**

49. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one-and-one-half times (1.5x) or two times (2x) that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

51. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members who worked more than eight (8) hours in a workday or forty (40) hours in a workweek at the rate of one-and-one-half times (1.5x) all hours worked in excess of eight (8) hours in a workday or forty (40) hours in a workweek.

52. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times (2x) their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday.

53. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times (1.5x) the regular hourly rate for hours worked in excess of eight (8) hours in a workday or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work. Also, any work in excess of twelve (12) hours in a workday or eight (8) hours in a workday on the seventh day of work must also be compensated at twice (2x) the regular hourly rate.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

54. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a workday , twelve (12) hours in a workday , and/or forty (40) hours in a week.

55. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

56. Defendants' failure to pay Plaintiff and the other class members overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198.

57. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against UNITED AIRLINES, INC. and DOES 1 through 100)**

58. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57, and each and every part thereof with the same force and effect as though fully set forth herein.

59. At all relevant times, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

60. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by the applicable IWC Wage Order.

61. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for more than five (5) hours per workday without providing the employee with a meal period of not less than thirty (30) minutes,

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

except if the employee worked a total work period of no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

62. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work more than ten (10) hours per workday without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the employee worked for a total work period of no more than twelve (12) hours per workday, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

63. During the relevant time period, Plaintiff and the other class members who were scheduled to work no longer than six (6) hours, and did not waive their legally-mandated meal periods by mutual consent, were required to work for more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

64. During the relevant time period, Plaintiff and the other class members, who were scheduled to work in excess of six (6) hours, were required to work more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

65. During the relevant time period, Plaintiff and the other class members, who were scheduled to work in excess of ten (10) hours but no longer then twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work more than ten (10) hours without receiving a second uninterrupted meal period of not less than thirty (30) minutes.

66. During the relevant time period, Plaintiff and the other class members, who were scheduled to work in excess of twelve (12) hours, were

required to work for more than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

67. During the relevant time period, Defendants failed to record Plaintiff's and the other class members' meal period start and stop times in violation of the applicable IWC Wage Order and California Labor Code section 226.

68. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate them with the full meal period premium for work performed during meal periods.

69. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

70. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

71. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular rate of compensation for each workday that a meal or rest period is not provided.

## THIRD CAUSE OF ACTION

**(Violation of California Labor Code § 226.7)**

**(Against UNITED AIRLINES, INC. and DOES 1 through 100)**

72. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71, and each and every part thereof with the same force and effect as though fully set forth herein.

73. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

74. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by the applicable IWC Wage Order.

75. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period." Also, "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four hours worked, or major fraction thereof, unless the total daily work time is less than three and one-half (3.5) hours.

76. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period for every (4) hours worked.

77. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

78. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

79. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

80. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided.

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against UNITED AIRLINES, INC. and DOES 1 through 100)**

81. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 80, and each and every part thereof with the same force and effect as though fully set forth herein.

82. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that employees must be paid at least minimum wage, and any lesser payment than the fixed minimum is unlawful.

83. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

84. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

85. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages and $250.00 for each subsequent failure to pay each employee minimum wages.

86. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

## FIFTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 201 and 202)**

**(Against UNITED AIRLINES, INC. and DOES 1 through 100)**

87. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 86, and each and every part thereof with the same force and effect as though fully set forth herein.

88. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

89. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ.

90. Defendants' failure to pay Plaintiff and the other class members their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ is in violation of California Labor Code sections 201 and 202.

91. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; however, the wages shall not continue for more than thirty (30) days.

92. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a

thirty (30) day maximum pursuant to California Labor Code section 203.

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code § 204)**

**(Against UNITED AIRLINES, INC. and DOES 1 through 100)**

93. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 92, and each and every part thereof with the same force and effect as though fully set forth herein.

94. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the first and fifteenth day, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth and twenty-sixth day of the month during which the labor was performed.

95. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth and the last day, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first and tenth day of the following month.

96. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

97. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them within any time period permissible under California Labor Code section 204.

98. Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against UNITED AIRLINES, INC. and DOES 1 through 100)**

99. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 98, and each and every part thereof with the same force and effect as though fully set forth herein.

100. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated with the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

101. Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the correct total number of hours worked by Plaintiff and the other class members and the corresponding applicable rate of pay for those hours worked.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

102. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

103. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

104. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

105. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h).

## EIGHTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against UNITED AIRLINES, INC. and DOES 1 through 100)**

106. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 105, and each and every part thereof with the same force and effect as though fully set forth herein.

107. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

108. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

///

109. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

110. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**NINTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code § 17200, *et seq.*)**

**(Against UNITED AIRLINES, INC. and DOES 1 through 100)**

111. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 110, and each and every part thereof with the same force and effect as though fully set forth herein.

112. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

113. Defendants' activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq*.

114. A violation of California Business & Professions Code section 17200, *et seq*. may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees,

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202, and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800, and 2802.

115. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

116. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

117. Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences October 16, 2021, an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws, and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all class members.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

**<u>As to the Fifth Cause of Action</u>**

30. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31. For all actual, consequential, and incidental losses and damages, according to proof;

32. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34. For such other and further relief as the Court may deem just and proper.

**<u>As to the Sixth Cause of Action</u>**

35. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation

owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

36. For all actual, consequential, and incidental losses and damages, according to proof;

37. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38. For such other and further relief as the Court may deem just and proper.

**<u>As to the Seventh Cause of Action</u>**

39. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40. For actual, consequential, and incidental losses and damages, according to proof;

41. For statutory penalties pursuant to California Labor Code section 226(e);

42. For injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h); and

43. For such other and further relief as the Court may deem just and proper.

**<u>As to the Eighth Cause of Action</u>**

44. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

45. For actual, consequential, and incidental losses and damages, according to proof;

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

46. For the imposition of civil penalties and/or statutory penalties;

47. For punitive damages and/or exemplary damages, according to proof at trial;

48. For reasonable attorneys' fees and costs of suit incurred herein; and

49. For such other and further relief as the Court may deem just and proper.

**<u>As to the Ninth Cause of Action</u>**

50. That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code section 17200, *et seq.* by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to timely pay Plaintiff's and the other class members' wages, failing to provide Plaintiff and other class members with complete and accurate wage statements, failing to keep complete and accurate payroll records, and failing to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

51. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

52. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violating California Business and Professions Code section 17200, *et seq.*;

53. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

54. For injunctive relief to ensure compliance with this section pursuant to California Business and Professions Code section 17200, *et seq.*; and

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

55. For such other and further relief as the Court may deem just and proper.

Dated: March 3, 2026

**LAWYERS *for* JUSTICE, PC**

By: */s/ Cheryl Kenner*
Cheryl A. Kenner

*Attorneys for* Plaintiff MICHAEL JOHNSON, individually, and on behalf of all others similarly situated

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203